OPINION. Johnson, Judge: King Grocery Company for many years operated five wholesale grocery houses in five different towns in Mississippi. On January 3, 1944, it reorganized and the five houses became fivó separate corporations, the present petitioners. Respondent contends that the principal purpose motivating the reorganization was “the avoidance of a fair share of excess profits tax through the medium of obtaining, if possible, a total exemption of $50,000 under section 710 (b) (1) [1] of the Internal Revenue Code in lieu of a single exemption of $10,000”. He maintains that, therefore, under section 129[2] of the Code the petitioner corporations are only entitled to a total exemption of $10,000 in each of the years 1944 and 1945. Petitioners contend that section 129 is inapplicable because (1) that section was not intended to apply to “split-up” reorganizations such as that here, and (2) the principal purpose of the reorganization was not to evade or avoid tax. We find it unnecessary to consider petitioners’ first contention. For we have found as a fact that the reorganization here in question was effected principally for business reasons and not principally to evade or avoid tax. Accordingly, section 129 of the Code is not applicable, respondent erred, and petitioners are each entitled to a specific excess profits tax exemption of $10,000 during 1944 and 1945 under section 710 (b) (1) of the Code. We have made a finding that they are so entitled. Our findings therefore dispose of the only issue in these proceedings. The issue being chiefly one of fact, little further discussion is necessary. Suffice it to say that, in our opinion, the reorganization was not an arbitrary and artificial arrangement but a natural division for business reasons of the King Grocery Company, with its''five wholesale houses, into five corporations. We have set forth at some length these business reasons. Briefly, they were: (1) To increase the combined borrowing capacity. Under Mississippi law, a bank can only loan one person or corporation 15 per cent of that bank’s aggregate paid-in capital and surplus. (2) To limit the liability so that a financial disaster to one petitioner arising from a tort judgment or other event would not affect the other petitioners. (3) To permit the handling of competitive lines of merchandise. Where an exclusive franchise had been granted for the sale of a product to some competitor of King Grocery Company in one of the trade areas, King Grocery Company was unable to obtain a franchise for the sale of that product in another of the trade areas. After the reorganization, the petitioner corporations could separately obtain franchises for the sale of competing products. (4) To eliminate the prejudice against absentee ownership. King Grocery Company was known as a Tupelo, Mississippi, concern and so was considered an absentee owner in other trade areas. After the reorganization, the naming of the stores after the counties in which they were located implied to the public that they were locally owned. Petitioners do not deny that their officers were aware of the Federal tax consequences at the time of the reorganization. “The legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted.” Gregory v. Helvering, 293 U. S. 465. It may not be amiss to point out, of course, that the reorganization was not an unmixed blessing taxwise. For instance, profits of one store could no longer be offset by losses of another store. But even assuming that tax avoidance was one of the purposes of the reorganization, our only inquiry under section 129, Internal Revenue Code, is whether tax evasion or avoidance was the “principal purpose” of the reorganization. See Commodores Point Terminal Corporation, 11 T. C. 411. We have found that such -was not the case. Accordingly, petitioners, must prevail. Decisions will be entered under Rule 50.. SEC. 710. IMPOSITION OP TAX. • **»*»* (b) Definition of Adjusted Excess Profits Net Income. — As used in this section, the term “adjusted excess profits net income” in the case of any taxable year means the excess profits net income (as defined in section 711) minus the sum of: (1) Specific exemption. — A specific exemption of $10,000, * * *. SEC. 129. ACQUISITIONS MADE TO EVADE OR AVOID INCOME OR EXCESS PROFITS TAX. (a) Disallowance of Deduction, Credit, or Allowance. — If (1) any person or persons acquire, on or after October 8, 1940, directly or indirectly, control of a corporation, or (2) * * * and the principal purpose for which such acquisition was made is evasion or avoidance of Federal income or excess profits tax by securing the benefit of a deduction, credit, or other allowance which such person or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be.allowed. For the purposes of clauses (1) and (2), control means the ownership of stock possessing at least 50 per centum of the total combined voting power of all classes of stock entitled to vote or at least 50 per centum of the total value of shares of all classes of stock of the corporation. (b) Power of Commissioner to Allow Deductions, Etc., in Part. — In any case to which subsection (a) is applicable the Commissioner is authorized— (1) to allow as a deduction, credit, or allowance any part of any amount disallowed by such subsection, if he determines that such allowance will not result in the evasion or avoidance of Federal income and excess profits tax for which the acquisition was made; or (2) to distribute, apportion, or allocate gross income, and distribute, apportion, or allocate the deductions, credits, or allowances the benefit of which was sought to be secured, between or among the corporations, or properties, or parts thereof, involved, and to allow such deductions, credits, or allowances so distributed, apportioned, or allocated, but to give effect to such allowance only to such extent as he determines will not result In the evasion or avoidance of Federal income and excess profits tax for which the acquisition was made ; or (3) to exercise his powers in part under paragraph (1) and in part under paragraph (2).